## BIERMAN & ASSOCIATES
11 Broadway, Ste. 615
New York, New York 10004
—
917-701-8969

July 8, 2022

**BY ECF**

Honorable Katherine Polk Failla
United States District Court
40 Foley Square
New York, NY 10007



Re: *Scher et al v. Turin HDFC et al.* Docket No. 19-cv-2089(KPF)
(Related Docket No. 13-cv-5258 (KPF))

Dear Judge Failla:

This office represents the plaintiffs Avra Akagi Scher and John Akagi in this action ("Plaintiffs"). Please accept this letter request to hold in abeyance the joint letter of counsel "proposing next steps in this matter," presently required to be submitted under the order of this Court dated June 28, 2022 (Doc. 109). The current deadline for submitting the letter is July 12, 2022. Plaintiffs respectfully request that the letter requirement be held in abeyance pending the resolution of this application, the contemplated motion as describe below, and any order issued thereon.

I was recently advised that plaintiff John Akagi decided to have his daughter, Katherine Akagi, act as his attorney-in fact-with regards to the litigation, and that I should communicate with her after the POA was executed and provided to me, on all matters related to the litigation. I was also informed that the POA to Mark Scher, who had been acting as Mr. Akagi's attorney-in fact in this litigation until recently, had been terminated. I later learned that Ms. Akagi retained the law firm of Meltzer, Lippe, Goldstein & Breitstone, LLP by Laura M. Broncato, Esq. to prepare a POA authorizing Ms. Akagi to act as Mr. Akagi's agent-in-fact in this litigation.

After an inadequate POA was sent, and after discussions with Ms. Brancato were held regarding the need for a NY conforming POA for claims and litigation, I was subsequently told by Ms. Brancato that such a NYS conforming POA was to be executed by Mr. Akagi to Ms. Akagi on June 20, 2022 and that a copy and original would be provided to me. On June 20, 2022 I was informed by Ms. Broncato that the NY conforming POA was executed in her presence that day and that she would email me a copy and send the original to my office so that I could communicate with Ms. Akagi about the case. Having not received the POA as promised, I sent numerous follow-up requests to Ms. Brancato. On June 29. I also sent a copy of Your Honor's order to Ms. Broncato and advised of the need for her to send me the POA so that I could discuss the matters with Ms. Akagi as Mr. Akagi's POA.

1

Instead, I became aware of Ms. Broncato acting to further interject herself into matters related to this action. On several occasions, I inquired of Ms. Brancato as to her role *vis-a-vis* Mr. Akagi in this matter. After several vague email responses, Ms. Brancato informed me today that she was refusing to provide my office with the POA executed by Mr. Akagi unless my office first provided her with various billing and retainer documents related to the litigation and that she wanted to communicate with the court appointed mediator as "we aren't going to receive what we have been seeking." In her email, Ms. Broncato, stating that she represents John Akagi, chastised me for trying to communicate with Mr. Akagi directly. In that email, sent by her to me at 3:57 P.M. today, Ms. Broncato vociferously complained: "You have repeatedly called Mr. Akagi, even after he has stated numerous times that you should go through me."  Ms. Brancato however stated in that email that "at the current time" her firm was not substituting in as counsel in this action.

At this juncture my office intends to move to be relieved as counsel for plaintiff John Akagi. The present circumstances as stated above and as will be further detailed in the motion to be filed, are such as to make it impracticable for my office to continue to represent Mr. Akagi. It is respectfully requested that, in order to protect client confidences, that the Court issue an order for the filing of the motion to be relieved as counsel under seal. My office will not be seeking a retaining or charging lien.

Apart from the foregoing, I have also had several conversations with plaintiff Avra Scher in order to be able to meet the July 12, 2022 deadline for the joint letter and as part of continuing discussions regarding the case and settlement. Due to complexity of the issues, serious health issues with her attorney-in-fact, and due to the recent receipt by her of complex sets of documents from the cooperative that could impact any settlement, we are respectfully requesting that a two week extension of the July 12, 2022 deadline be granted in the event that the Court does not grant the application to hold the letter in abeyance.

I spoke with the attorney for Defendant, Jacques Catafago, Esq., earlier today, when I was still endeavoring to obtain the POA, as part of a request that Defendant agree to a two week extension of the July 12 deadline. I told him that I would call him back latter today after learning more of the status of the POA and for Defendant's position on the extension application. I then called Mr. Catafago to advise him that I would not be obtaining the POA and intended to make the within application to hold the letter in abeyance, but was unable to reach him and had not heard back from him prior to filing this letter.

There are no matters presently scheduled in this action, other than the July 12, 2022, letter described herein. We thank the Court for its consideration.

Respectfully,

/s/ *Mark H. Bierman*
Mark H. Bierman

Application GRANTED.  The parties shall submit their joint letter on or before July 26, 2022.  Further, Plaintiff's counsel shall be permitted to file the anticipated motion to withdraw as counsel *ex parte* and under seal, visible to the Court and Plaintiff's counsel only.  The Clerk of Court is directed to terminate the pending motion at docket number 110.

Dated:   July 11, 2022          SO ORDERED.
         New York, New York

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE